**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL M.,[1] | : | Case No. 2:25-cv-881 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Michael M. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and the administrative record (Doc. #7).

## I. <u>Background</u>

The Social Security Administration provides DIB and SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22–01.

"substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469–70.

In the present case, Plaintiff protectively applied for DIB on September 15, 2022, and for SSI on May 6, 2023, alleging disability beginning on June 15, 2022, due to ankles issues, osteoarthritis of the lower body and shoulders, inflammatory arthritis, diabetes, and hypertension. (Doc. #7, *PageID* #297). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Heidi Southern. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] The ALJ reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 15, 2022, the alleged disability onset date.

Step 2: He has the following severe impairments: right shoulder osteoarthritis (OA); bilateral ankle degenerative joint disease (DJD); degenerative disc disease of the lumbar spine (DDD–lumbar); bilateral sensorineural hearing loss; diabetes mellitus (DM); hypertension (HTN); obesity; anxiety disorder; depressive disorder; and adjustment disorder.

Step 3: He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of the ability to perform "light work … except : (1) he can lift and/or carry 10 pounds frequently and 20 pounds occasionally; he can sit, stand, or walk 6 hours each of an 8 hour workday; (2) he can occasionally climb ramps and stairs; (3) he cannot climb ladders, ropes, or scaffolds; (4) he can frequently balance; (5) he can occasionally stoop,

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

kneel, crouch, or crawl; (6) he requires a quiet work environment; (7) he must avoid concentrated exposure to noise; (8) he must have no exposure to hazards such as unprotected heights or moving mechanical parts; (9) he can do unskilled simple, routine, repetitive tasks; he is unable to perform at a production–rate pace (e.g., assembly line work) but can perform goal–oriented work (e.g., office cleaner); (10) he can have occasional contact with coworkers and supervisors but no teamwork, tandem tasks, conflict resolution, persuasion of others or over–the–shoulder supervision; (11) he must have no contact with the general public as part of job duties; (12) he can have occasional changes in an otherwise static work routine explained in advance to allow time for adjustment to new expectations."

Plaintiff is unable to perform his past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, the vocational expert testified that there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #7, *PageID* #s 37–52). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since June 15, 2022. *Id.* at 52.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7, *PageID* #s 34–52), Plaintiff's Statement of Errors (Doc. #9), and the Commissioner's Memorandum in Opposition (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)).

## III. <u>Discussion</u>

In his Statement of Errors, Plaintiff argues that the ALJ failed to include certain limitations in the RFC determination that allow him to elevate his legs throughout the day due to his bilateral ankle degenerative joint disease. (Doc. #9, *PageID* #s 842–43). Additionally, Plaintiff asserts the ALJ failed to consider the vocational expert (VE) testimony that the need to elevate his legs at waist level or higher throughout the day would be work preclusive. *Id.* at 843–44. The Commissioner contends that substantial evidence supports the ALJ's decision that Plaintiff was not disabled and retained the RFC to perform a reduced range of light work. (Doc. #11, *PageID* #s 850–55).

The "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96–8p, 1996 WL

374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' – i.e., opinions about what the individual can still do despite his or her impairment(s) – submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96–8p, 1996 WL 374184, *2 (footnote omitted). Importantly, hypothetical limitations posed to the VE do not bind the ALJ to include those limitations in the RFC. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That does not mean that the VE's answer about the *hypothetical individual* binds the ALJ.") (internal citation omitted); *see also Beckham v. Comm'r of Soc. Sec.*, No. 1:19–CV–576, 2020 WL 5035451, at *9 (S.D. Ohio Aug. 26, 2020) (Litkovitz, M.J.) ("Simply posing a hypothetical question to the [vocational expert] does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations."). "An administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

In the instant case, Plaintiff's argument that he needs to elevate his legs relies on his testimony. (Doc. #8, *PageID* #s 842–44). Plaintiff does not point to an opinion from a medical source or other evidence in the record that specifically opined that he would need to elevate his

feet at waist level or higher throughout the day. *Id.* Instead, Plaintiff asserts that the ALJ made her RFC determination solely based on the consultative report provided by Dr. Kennington, noting that Dr. Kennington "saw [Plaintiff] only one time." *Id.* at 843. Plaintiff further alleges that "[i]t is clear from the medical literature that [Plaintiff]'s bilateral ankle degenerative joint disease would cause "joint swelling" and "increased pain and swelling in the morning, or after sitting or resting." *Id.*

In formulating Plaintiff's RFC, the ALJ considered the opinion of Dr. Kennington. (Doc. #7, *PageID* #s 373, 375–79). When Dr. Kennington examined Plaintiff, he did not observe swelling in Plaintiff's leg. *Id.* Dr. Kennington ultimately opined that Plaintiff is incapable of moderate or heavy lifting, carrying, pushing, or pulling but is capable of light lifting, carrying, pushing, or pulling. *Id.* at 374. He also opined that Plaintiff is fully capable of sitting, standing, walking, speaking, and traveling. *Id.* The ALJ found Dr. Kennington's opinion to be "mostly persuasive," explaining that his findings were "supported by the history he obtained from [Plaintiff] and the physical examination he completed" and are "consistent with the overall objective medical record." *Id.* at 46. The ALJ also considered the medical opinions of state agency physicians Sarah Garon, M.D., and Susan Clifford, M.D. who found Plaintiff capable of medium exertional work, which the ALJ found only "somewhat persuasive." *Id.* at 47. The ALJ explained:

> [T]he combination of all of [Plaintiff]'s impairments is more aptly suited for an exertional level of light rather than medium. Also, the combination of all of his physical impairments and the multiple locations of his arthritis appears to warrant more significant postural limitations. It is found that [Plaintiff] can occasionally climb ramps and stairs, but he cannot climb ladders, ropes, or scaffolds. He can frequently balance, but he can only occasionally stoop, kneel, crouch, or crawl.

*Id.*

During the hearing, the ALJ posed a series of hypotheticals to the VE to determine whether a hypothetical person with certain limitations could perform Plaintiff's past work and other work in the national economy. *Id.* at 77–79. The VE testified that based on the ALJ's hypothetical, the individual could perform light exertional jobs in the national economy. *Id.* at 78–79. The ALJ then asked if any jobs could be identified if a hypothetical person needed to elevate the feet at waist level or higher throughout the day. *Id.* at 79. The VE could not identify any light or sedentary jobs compatible with such limitations. *Id.* In assessing Plaintiff's RFC, the ALJ ultimately decided not to include the hypothetical limitation as to elevating the feet at waist level or higher throughout the day. *Id.* at 42. As such, Plaintiff contends that the ALJ's RFC "does not include any restriction based on [Plaintiff]'s need to elevate his legs due to his bilateral ankle degenerative joint disease" and "[t]herefore, ALJ Southern erred in formulating her final residual functional capacity and finding that [Plaintiff] could engage in substantial gainful activity." (Doc. #9, *PageID* #844).

Plaintiff's reliance on his subjective complaints to support his argument, including the limitations in his RFC, is unavailing. It is well-settled that an ALJ is not required to include limitations that are without evidentiary support. *Lester v. Soc. Sec. Admin*., 596 F. App'x 387, 389–90 (6th Cir. 2015) ("The ALJ is required to incorporate only those limitations that he or she accepted as credible."). Here, in her decision, the ALJ explained that Plaintiff's testimony was not consistent with objective medical evidence in the record, specifically noting that Plaintiff's ankles were not swollen during his examination with consultative examiner Rohn Kennington, M.D.; none of Plaintiff's providers told him to elevate his legs; and Plaintiff's testimony was not consistent with Plaintiff's activities, such as driving his friends to work, caring for his mother, and

taking walks. (Doc. #7, *PageID* #s 45–49). As a result, the ALJ did not find limitations regarding Plaintiff's need to elevate his legs supported by the record, and therefore, the ALJ did not err by declining to incorporate the VE's answer to those corresponding hypothetical limitations. *See Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (referencing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("[T]he ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations."). Further, so long as the ALJ's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)); *see Beavers v. Sec'y. of Health, Educ. and Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978). Here, the undersigned finds that the ALJ's decision is supported by substantial evidence. (*See* Doc. #7, *PageID* #46). Accordingly, Plaintiff's assignment of error is not well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #9) is **OVERRULED;**
2. The Commissioner's non-disability determination is **AFFIRMED**; and
3. The case is terminated on the docket of this Court.

September 29, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge